WOLF and OSTERHAUS, JJ.,
concur;
MAKAR, J., dissents with opinion.
I would reverse because the legal assistant’s conduct was shown to be sufficiently egregious to justify her termination. Here, the lawyer in charge, and her witnesses, provided direct evidence of the legal assistant’s unacceptable behavior: the lawyer in charge detailed instances of unusual and substandard conduct accompanied by alcohol on the employee’s breath; a firm employee testified that the legal assistant was “obviously drunk”; the lawyer who hired the legal assistant after she was terminated said he discharged her after three days because of alcohol on her breath. Yes, the legal assistant generally denied the allegations, but she admitted to drinking the night before and to having some “serious coffee” before coming to work (claiming it was the caffeine that caused her unusual behavior). That the law firm had no written policy about intoxication at the office during work hours does nothing to detract from the legal assistant’s behavior; everyone knows that professionalism in the law firm context dictates that attorneys and those under their direction have a basic obligation not to come to work intoxicated, notwithstanding large doses of early morning coffee to alleviate the excesses of the night before. She was also observed at social functions inebriated, and the lawyer in charge detailed her declining work product in the months prior to termination. Under these circumstances, it was error to award benefits to the claimant.